## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| TINA EMERY and<br>DAVID EMERY,<br><br>Plaintiffs<br><br>v.<br><br>CVR9395 LLC and<br>JAMES REAGAN<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Case. No. _____

## <u>COMPLAINT</u>

### PRELIMINARY STATEMENT

1.      Plaintiff Tina Emery, a woman reliant on a wheelchair for mobility, and her son bring this action for damages for discrimination on the basis of disability or "handicap" in the provision of housing arising under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 et seq.

2.      Defendants, the owner and manager of a residential property in which Plaintiffs formerly resided, discriminated against Plaintiffs by knowingly failing, over a period of nearly 23 months, to approve Plaintiffs' requests for reasonable modification of the premises, including installation of a ramp and widening of doorways, which were necessary for Plaintiff Tina Emery to exit and enter her home without the assistance of multiple other people.

### JURISDICTION AND VENUE

3.      Jurisdiction in this action is predicated on 42 U.S.C. § 3613(a), which provides for original jurisdiction for enforcement of the Fair Housing Act, and on 28 U.S.C. § 1331, which provides for original jurisdiction over all civil suits involving questions of federal law.

1

4.      Venue is proper under 28 U.S.C. § 1391(b)(2), as the events giving rise to Plaintiffs' claims occurred within the District of New Hampshire.

## THE PARTIES

5.      Plaintiff Tina Emery is a person with disabilities who resides in Franklin, New Hampshire. She formerly rented a unit in a two-unit residential building owned by Defendant CVR9395 LLC at 69-71 Prospect Street, Franklin, NH 03235 (hereinafter "the building").

6.      Plaintiff David Emery is Plaintiff Tina Emery's adult son and caregiver, and he resides with her in Franklin, New Hampshire. He also is a former tenant of Defendant CVR9395 LLC and resided with Ms. Emery at 69 Prospect Street, Franklin, NH 03235 (hereinafter "the unit").

7.      Defendant CVR9395 LLC owns, and, at all relevant times to the events at issue in this action, owned, the building and the unit in which Plaintiffs resided.

8.      Defendant James Reagan is the managing member of CVR9395 LLC and, at all times relevant to this proceeding, served as property manager for the building and the unit.

## THE FACTS

9.      Plaintiff Tina Emery is 52 years old. She has multiple disabilities including obesity, diabetes, anemia, hypertension, GERD, arthritis, fibromyalgia, depression, and anxiety disorder. In the fall of 2018, Ms. Emery developed cellulitis, which ultimately caused a sac of fluid, weighing approximately 50-70 pounds, to develop around her stomach. This sac weighs on Ms. Emery's legs so that she can barely lift them and is unstable on her feet.

10.     Among other impacts, Ms. Emery's disabilities substantially limit her mobility. She is able to stand and pivot with assistance and has a walker with which she can take a few

2

steps with the assistance of another person. Ms. Emery relies on a wheelchair when she has to move more than a few steps at a time.

11.     Plaintiff David Emery resides with Ms. Emery, who is his mother, and is her primary caregiver. Mr. Emery assists Ms. Emery with her activities of daily living.

12.     Plaintiffs resided at 69 Prospect Street, Franklin, NH 03235 (hereinafter "the unit") from on or around May 1, 2014, until December 1, 2021.

13.     Defendant CVR9395 LLC purchased 69-71 Prospect Street, Franklin, NH 03235 (hereinafter "the building") on or around July 12, 2019.

14.     Defendant James Reagan began managing the building on or around July 12, 2019.

15.     Accessing the unit required descending two wooden steps without handrails from the public sidewalk, traversing a private sidewalk, and ascending two uneven concrete stairs before climbing a third step to cross the threshold of the unit.

16.     Ms. Emery's wheelchair did not fit through the exterior or interior doors of the unit. After Ms. Emery became reliant on a wheelchair for mobility in the spring of 2019, she was not able to enter and exit the unit without assistance from multiple people. In the rare times Ms. Emery did leave the home prior to her vacating in December 2021, she required an ambulance assisted ride and the use of a bariatric stretcher. Bariatric stretchers did not fit through the doors of the unit, which resulted in the need of assistance from fire and rescue personnel.

17.     As a result of this inaccessibility, Ms. Emery was not able to leave the unit on her own and spent almost all of her time in a recliner located in the front room.

18.     Ms. Emery could not be left alone in the home, so Mr. Emery also spent most of his time there, except when another person was able to stay with her.

19.     Ms. Emery receives services through the Medicaid-funded Choices for Independence (CFI) Program, which provides home- and community-based services for persons with disabilities to enable them to stay in their homes and communities. One such service is provision of environmental modifications, or structural modifications to a dwelling, to support independence of the recipient.

20.     In or around September 2019, on Ms. Emery's behalf, her CFI case manager, Matthew Linxweiler, began coordinating CFI services to widen the doorways and install a ramp on the exterior of the unit traversing the private sidewalk, which would have allowed Ms. Emery to leave the unit in her wheelchair and use a wheelchair accessible van for transportation. This coordination included contacting appropriate vendors to evaluate the unit and submit proposals for selection of a contractor to make the necessary modifications.

21.     The modifications necessary to enable Plaintiff Tina Emery to enter and exit her apartment on her own, without the aid of other persons, would have been paid for by CFI.

22.     On or around September 11, 2019, a representative from All-Ways Accessible, Inc. assessed the unit for installation of a ramp and submitted a proposal to Mr. Linxweiler on or around September 13, 2019, and an updated proposal on or around December 16, 2019.

23.     On or around October 29, 2019, a representative from REQ (Rehabilitation Equipment Associates, Inc.) assessed the unit for installation of a front entrance ramp and widening front and interior doorways and submitted proposals to Mr. Linxweiler on or around October 30, 2019.

24.     On or around December 3, 2019, a representative from It's Ability Pediatric Physical Therapy conducted a home modification evaluation and provided recommendations on or around December 6, 2019.

Case 1:22-cv-00001-PB   Document 1   Filed 01/03/22   Page 5 of 8

25.     On or around January 8, 2020, Mr. Linxweiler contacted Defendant James Reagan on Ms. Emery's behalf to request his approval of the home modifications that needed to be done to enable Ms. Emery to enter and exit her home without assistance. Mr. Linxweiler explicitly stated that the entire cost of the modifications would be paid for by the CFI Program.

26.      Defendant Reagan responded that the entire unit needed to be rehabbed but did not provide any timeframe for when such rehab would take place. He stated that he would consider Ms. Emery's needs when the rehab was underway, with modifications done by his own company. Expressing no concern about Ms. Emery's inability to leave the home, Defendant Reagan stated he was considering evicting the household.

27.     On or around January 9, 2020, Mr. Linxweiler received a call from Defendant Reagan, who stated he had reconsidered and expressed willingness to cooperate with the modifications project. Mr. Linxweiler informed Mr. Reagan that he needed Mr. Reagan's notarized signature on the proposals for the modification project to commence. Mr. Linxweiler obtained Mr. Reagan's email address and sent him the proposals.

28.     Defendant Reagan did not respond to Mr. Linxweiler's email.

29.     On or around May 13, 2020, Ms. Emery's new CFI case manager, Joyce Cameron, emailed Defendant Reagan on Ms. Emery's behalf requesting his notarized approval of the modification requests. Once again Defendant Reagan did not respond.

30.     On or around July 9, 2020, Ms. Cameron left a voicemail message for Defendant Reagan requesting a call back or response to her prior email. That same day, she sent Mr. Reagan the proposals for a third time. Once again Defendant Reagan failed to respond.

31.     On or around August 4, 2020, Ms. Cameron left another voicemail for Defendant Reagan requesting a call back regarding the modification requests. Again, Defendant Reagan did not respond.

32.     At various times in 2020 and 2021, Ms. Emery attempted calling Defendant Reagan about the modification requests, but he did not respond to her either.

## INJURY TO PLAINTIFFS

33.     As a result of Defendants' actions described above, Tina Emery suffered irreparable loss and injury including, but not limited to, emotional distress, physical pain, humiliation, embarrassment, and deprivation of her right to equal use and enjoyment of housing regardless of disability or "handicapped" status.

34.     As a result of Defendants' actions described above, David Emery suffered loss and injury including, but not limited to, emotional distress and deprivation of his right to equal use and enjoyment of housing regardless of association with a person with disabilities or "handicaps."

35.     In knowingly and consistently failing to respond to, and approve, the multiple requests made on behalf of the Plaintiffs for modification of the premises, as described above, Defendants acted intentionally and maliciously and with callous and reckless disregard of the federally protected rights of Plaintiffs, in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 et seq.

## CLAIM FOR RELIEF
## VIOLATION OF 42 U.S.C. § 3604(f)(3)(A)

36.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

37.     The Fair Housing Act prohibits discrimination based on disability or "handicap" and provides that discrimination includes

> a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.

42 U.S.C. § 3604(f)(3)(A).

38.     The requests for approval of structural changes to the interior and exterior of the premises, made on behalf of Tina Emery by her case managers Matthew Linxweiler and Joyce Cameron, for which Defendants would not be responsible for payment, and which would have enabled her adequate ingress to and egress from the unit, constituted requests for reasonable modification under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(A).

39.     By failing to authorize reasonable modifications of Tina Emery's home, that were necessary to afford her full enjoyment of the premises, at her own expense, Defendants individually, and/or through the actions of their agents, have violated 42 U.S.C. §§ 3604(f)(2), 3604(f)(3)(A).

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

1.     Award compensatory damages to Plaintiffs in an amount that would fully compensate Plaintiffs for the humiliation, embarrassment, pain, and emotional distress that has been caused by the conduct of Defendants alleged herein;

2.      Award punitive damages to Plaintiffs in an amount that would punish Defendants for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

3.      Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c)(2); and

4.      Order such other relief as this Court deems just and equitable.

Respectfully submitted,

Tina Emery and David Emery
Plaintiffs

Through their attorneys,

**NEW HAMPSHIRE LEGAL ASSISTANCE**

01/03/2022                          /s/ Lindsay Lincoln
_____          _____
Date                                 Lindsay Lincoln, Esq.
                                        NH Bar No. 270583
                                        117 North State Street
                                        Concord, NH 03301
                                        Tel: 603-223-9750, ext. 2907
                                        Fax: 1-833-722-0271
                                        llincoln@nhla.org


                                        Elliott Berry, Esq.
                                        NH Bar No. 546
                                        1850 Elm Street, Suite 7
                                        Manchester, NH 03104
                                        Tel: 603-668-2900, ext. 2908
                                        Fax: 1-833-722-0271
                                        eberry@nhla.org